UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIE R. WARD**  **PLAINITFF**

**v.**  **CIVIL ACTION NO. 3:15-CV-P389-CRS**

**ALVIS, CORRECTIONAL OFFICER et al.**  **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff, Willie R. Ward, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), names as Defendants in their individual and official capacities LMDC Correctional Officer Alvis; LMDC Director Mark Bolton; and Starr N. Judkins, Health Services Administrator for Correct Care Solutions, Inc. He states that on March 15, 2015, Defendant Alvis requested that Plaintiff work as a "'one on one' work aide." Plaintiff was told that the job entailed his sitting outside a locked cell to observe another prisoner to ensure that the other prisoner did not harm himself or engage in suspicious behavior. Plaintiff states that while watching the prisoner, correctional officers opened the cell door to allow the prisoner out for recreation, at which point the prisoner attacked Plaintiff. Plaintiff states that because he had not been "trained on what to do and not wanting to escalate the assault I ended up subduing the 'one on one' prisoner by sitting on him and calling for help." He states that Defendant Alvis came and without warning

picked Plaintiff "up off the ground and into the air then 'body slammed' me onto the concrete floor and jumped on me driving my head and face into the concrete and injuring my leg that was already in a 'boot' healing from surgery and further injuring my other knee." Plaintiff alleges that Defendant Alvis "failed in his official capacity to properly train me resulting in my having cruel and unusual punishment inflicted on me and he failed in his individual capacity by assaulting me . . . ."

Plaintiff states that he filed a grievance regarding Defendant Alvis's alleged assault and Defendant Judkins responded to his grievance, stating that an x-ray had been ordered but did not answer with regard to the issues of not having been trained and the unprovoked assault. He states that he was taken to LMDC medical to have x-rays taken but that the x-rays were ordered for "the wrong leg twice."

Plaintiff alleges that Defendant Bolton failed in his duty to properly train Defendant Alvis in the proper way to conduct "one on one" observations. He also alleges that Defendant Bolton failed to protect him from assault by continuing to use the one-on-one observation system. He states that he learned that "an inspection of the jail either by the jail accrediting agency or Ky. Dept. of Correction advised Defendant Bolton that prisoners could not be used for 'one on one' purposes because of lack of training and putting one prisoner in a position of authority over another prisoner."

Plaintiff further alleges that, as he continued to press his complaint, his medications "began being discontinued mysteriously." He states that a medication he is allergic to was prescribed to him. He also alleges that nurses and other correctional officers began making insulting comments and veiled threats but Defendants Judkins and Bolton did "nothing to abate these retaliatory actions after being advised of the matter in my 2nd grievance." He also believes

that Defendants have tried to incite other prisoners against him because correctional officers and nurses have told the other prisoners in his dorm that it is Plaintiff's fault that they cannot go to work.

He asks for monetary and punitive damages and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Defendant Judkins*

Plaintiff alleges that Defendant Judkins failed to respond to his grievance with regard to the issues of not having been trained and the unprovoked assault. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under

3

§ 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, the claim against Defendant Judkins related to his grievance fails to state a claim.

Plaintiff also alleges that a medication he is allergic to was prescribed to him. The claim against Defendant Judkins related to his medicine fails. One of the attachments to the complaint makes clear that the prescription for the medicine to which he is allergic, Tylenol 3, was corrected the next day, although it took two days for the correct medicine to arrive in the prison because it had to be ordered. Moreover, according to that attachment, he was never given the Tylenol 3. However, once the correct medicine arrived, he was given the correct medicine with 100% compliance. Further, Plaintiff does not allege harm stemming from the two-day delay in receiving the correct medicine. *See Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). A prisoner "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (internal quotation marks and alteration omitted). In short, here, Plaintiff has failed to allege a constitutional injury with regard to the short delay in correcting his pain medicine prescription.

Finally, Plaintiff alleges that nurses and other correctional officers began making insulting comments and veiled threats but Defendant Judkins did "nothing to abate these retaliatory actions." Plaintiff's retaliation claim against Defendant Judkins fails. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff

does not allege that Defendant Judkins participated in or authorized the challenged conduct of insulting comments and veiled threats. Such inaction on Defendant Judkins' part does not constitute any constitutional violation. *See, e.g.*, *Shehee v. Luttrell*, 199 F.3d at 300; *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Thus, Plaintiff fails to state a claim against Defendant Judkins.

### *Retaliation claim against Defendant Bolton*

Plaintiff's claim against Defendant Bolton regarding the alleged insults and veiled threats of others fails to state a claim for the same reasons as stated above with regard to Defendant Judkins. That is, Plaintiff fails to allege any direct action by Defendant Bolton in the alleged misconduct.

### *Remaining claims*

The Court will allow the following individual and official capacity claims to continue: all claims against Defendant Alvis, as well as the failure-to-train claim and failure-to-protect claim against Defendant Bolton.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendant Judkins are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Judkins as a party in this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern development of the remaining claims.

Date: October 13, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
4411.009