UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**WILLIE R. WARD**  PLAINTIFF

v.  CIVIL ACTION NO. 3:15-CV-P389-CRS

**ALVIS et al.**  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Willie R. Ward, initiated this action by filing his *pro se*, *in forma pauperis* complaint on May 21, 2015. The Court screened his complaint pursuant to 28 U.S.C. § 1915A, dismissed some claims, and entered a Scheduling Order (DN 7) to govern the development of the remaining claims. That Scheduling Order required, among other things, that Plaintiff file a certification with the Court on or before January 29, 2016, that he has provided counsel for Defendants any records or documentation relevant to his remaining claims. That Scheduling Order also required Plaintiff to file a pretrial memorandum no later than February 28, 2016. It also warned Plaintiff that "his failure . . . to comply with this or any subsequent order of the Court MAY RESULT IN A DISMISSAL OF THIS CASE." The Scheduling Order's deadlines passed, and Plaintiff did not file the required documents with this Court.

On May 4, 2016, this Court entered an Order to Plaintiff that within 30 days Plaintiff must show cause why this case should not be dismissed for failure to comply with an order of this Court. That Order also warned Plaintiff that his failure to comply timely with that Order would result in a dismissal of this case.

More than 30 days have passed, and Plaintiff has not complied with this Court's Order. Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Therefore, by separate Order, the Court will dismiss the instant action. *See* Fed. R. Civ. P. 41(b) (governing involuntary dismissal).

Date: July 15, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4411.009